J-S03009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSIE J. CRAWLEY | : | |
| | : | |
| Appellant | : | No. 471 WDA 2020 |

Appeal from the PCRA Order Entered March 13, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012842-2015

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED FEBRUARY 09, 2021**

Appellant, Jessie J. Crawley, appeals from the Order entered on March 13, 2020, dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S. §§ 9541-46. Appellant raises two claims of ineffective assistance of counsel. After careful review, we affirm.

This Court set forth a full recitation of the facts underlying Appellant's convictions on direct review. *See Commonwealth v. Crawley*, 2018 WL 4233723 (Pa. Super. filed Sept. 6, 2018) (non-precedential decision). The facts necessary to our disposition of this appeal are as follows.

Appellant was a regional leader in a state-wide organization that fabricated prescriptions to obtain Oxycodone. Appellant's jury trial began on February 17, 2017. The Commonwealth presented ten witnesses, including

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pennsylvania Office of the Attorney General Agent Courtney Van Orden. Agent Van Orden was a member of the team that investigated the fraudulent prescription organization. Relevant to the instant appeal, Agent Van Orden testified that Appellant "had a home plan" sometime prior to his arrest. Specifically, she stated:

> When Kevin Andrews [the leader of the organization] was arrested in November, he was on the phone with someone at the time. We were able to trace phone records and found that it came back to the address on Lillian Street where [Appellant] had a **home plan**.

N.T. Trial, 2/21/17, at 44. Appellant's counsel did not object to this testimony.

The Commonwealth also introduced the testimony of Kayla Lantzy, the mother of Appellant's child. *Id.* at 75. Lantzy testified, in relevant part, that Appellant had previously been incarcerated. She testified:

> Q. It doesn't sound like you know the persons [involved in the organization]?
>
> A. I really don't. I only knew two people that – two men that were related back to [Appellant] besides **when he first went to jail** -

*Id.* at 84.

Appellant's counsel immediately objected and requested that the court declare a mistrial. *Id.* The court declined, reasoning primarily that the Commonwealth did not solicit the objectionable testimony:

> THE COURT: First of all, the question did not call for that answer. She volunteered that. That was outside of [the prosecutor's] control.
>
> Second, I believe other witnesses have already testified to your client having been on parole for other charges.
>
> [DEFENSE COUNSEL]: No. I don't believe that is correct.

* * *

> [PROSECUTOR]: That was a blurt out that could easily be cured by a curative instruction. What was I going to say -- there was a reference earlier by one of the witnesses to a home plan. I think that is the closest any of the witnesses got to saying Mr. Crawley was on parole, unless I'm mistaken.
>
> THE COURT: Either way the question did not call for that response. [The prosecutor] did instruct all of the witnesses not to make that reference. The reference was to after his arrest. So it would not be unusual, particularly given the testimony in this case where people think when somebody is arrested they would go to jail for however briefly. It's not in reference to his current status.

*Id.* at 85-86. The court then immediately instructed the jury that it could not consider Lantzy's testimony that Appellant had been in jail. *Id.* at 87.

Finally, Casey Murphy testified on behalf of the Commonwealth. Murphy had been a member of the fraudulent prescription organization. *Id.* at 107-112. Murphy testified on cross-examination that she contacted the Attorney General's office "after I [was] shot." *Id.* at 117. On redirect examination, the Commonwealth asked whether the shooting "was related to your involvement in fraudulent prescriptions?" *Id.* at 119. Murphy answered, "yes, it was." *Id.*

Appellant's counsel then requested a sidebar with the judge, where he argued that the Commonwealth's question implied that Appellant shot Murphy. *Id.* at 119-121. At the court's suggestion, to clarify for the jury that Appellant did not shoot Murphy, Appellant's counsel asked Murphy, "isn't it a fact that Issa Battles [another member of the organization] was charged with shooting you?" *Id.* at 122. Murphy answered, "yes." *Id.*

On February 22, 2017, a jury convicted Appellant of one count each of Corrupt Organizations, Conspiracy to commit Corrupt Organizations,

- 3 -

Possession with Intent to Distribute ("PWID"), Conspiracy to commit PWID, Forgery, Criminal Use of a Communication Facility, Identity Theft, and Dealing in Proceeds of Unlawful Activity.[1] The trial court sentenced Appellant to an aggregate term of 235 to 470 months' incarceration.

This Court affirmed Appellant's Judgment of Sentence on September 6, 2018. **Crawley**, **supra**. On February 26, 2019, our Supreme Court denied Appellant's Petition for Allowance of Appeal. **Commonwealth v. Crawley**, 203 A.3d 208 (Pa. filed Feb. 26, 2019) (table).

On March 11, 2019, Appellant filed a timely *pro se* PCRA Petition, his first, followed by a counseled, amended Petition on January 16, 2020. Appellant argued that his counsel was ineffective for (1) failing to object and request a mistrial when Agent Van Orden testified that Appellant had a "home plan," and (2) when Murphy testified that she was shot in connection to the fraudulent prescription organization. Amended PCRA Petition, 1/6/20, at 9-15.

The Commonwealth filed a response on January 31, 2020. It averred that Appellant failed to establish that he suffered prejudice as a result of either comment. Commonwealth's Answer, 1/31/20, at 4-11.

On February 12, 2020, the PCRA court issued a Notice of Intention to Dismiss without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response on March 2, 2020, essentially repeating the arguments presented in his Amended Petition.

_____

[1] 18 Pa.C.S. §§ 911(b)(3), 911(b)(4), 780-113(a)(30), 780-113(a)(12), 903, 4101(a)(3), 7512(a), 4120(a), and 5111(a)(1), respectively.

- 4 -

On March 13, 2020, the PCRA court dismissed Appellant's Amended Petition.

Appellant timely filed a Notice of Appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant raises two issues for our review:

> 1. The PCRA [c]ourt erred [by] denying [Appellant] relief where trial counsel was ineffective for failing to object and to request a mistrial following Agent Van Orden's prejudicial testimony that [Appellant] was on parole on a "home plan" for an unrelated criminal matter.[2]
>
> 2. The PCRA [c]ourt erred [by] denying relief where [Appellant] was denied his Sixth Amendment right to competent counsel when trial counsel failed to request a mistrial after Commonwealth witness Murphy testified that she had been shot.

Appellant's Br. at 5.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free from legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012). Finally, this Court may affirm a PCRA court's decision on any grounds if the record supports it. **Id.**

---

[2] Appellant failed to develop any argument pertaining to his counsel's failure to request a mistrial in response to Agent Van Orden's testimony. Accordingly, that discrete issue is waived. Pa.R.A.P. 2119(a) (an appellant's argument shall be developed with "discussion and citation of authorities"); Pa.R.A.P. 2101 (failure to conform with Rules may result in waiver).

Both of Appellant's issues involve allegations of ineffective assistance of trial counsel ("IAC"). The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." *Id.* To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) he "suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error." *Fears*, *supra* at 804 (citation omitted). Failure to satisfy any prong of the test will result in rejection of the appellant's IAC claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

Finally, we are cognizant that a mistrial "is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial." *Commonwealth v. Caldwell*, 117 A.3d 763, 774 (Pa. Super. 2015).

In his first issue, Appellant alleges that his trial counsel was ineffective for failing to object when Agent Van Orden testified that Appellant was on a "home plan." Appellant's Br. at 16-21. He claims that counsel's failure caused him to suffer prejudice because it "caused a snowball effect that impacted the [c]ourt's decision to permit additional references to [Appellant's] prior bad acts later in the trial." *Id.* at 18. Specifically, Appellant asserts that his

counsel's failure to object to Agent Van Orden's testimony formed the basis for the trial court's later decision to deny his request for a mistrial based on Lantzy's testimony that Appellant "went to jail." *Id.* at 19.

The record belies Appellant's assertion. The trial court declined to declare a mistrial in response to Lantzy's testimony because "the question did not call for that response" and the prosecutor had "instruct[ed] all of the witnesses not to make that reference." N.T. Trial, 2/21/17, at 86. The trial court specifically stated that, whether a previous witness had mentioned parole or not, "either way" it was not going to declare a mistrial. *Id.* Thus, contrary to Appellant's assertion, Agent Van Orden's testimony did not form the basis for the trial court's decision to deny a mistrial after Lantz's testimony, and Appellant has failed to demonstrate a reasonable probability that the outcome of the challenged proceeding would have been different but for his counsel's omission. Appellant's claim, thus, fails to garner relief.

In his second issue, Appellant alleges that his trial counsel was ineffective for failing to request a mistrial when Murphy testified that Issa Battles shot her. Appellant's Br. at 24-26. He argues that he suffered prejudice because "even though someone else was charged[, Appellant], nonetheless, was alleged to be connected to the scheme, which in turn [implied] to the jury that he was connected to the shooting." *Id.* at 25-26.

To establish prejudice, an appellant must show that but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. *See Fears*, *supra* at 804.

Thus, Appellant here must show a reasonable probability that, had his counsel requested it, the trial court would have granted a mistrial after Murphy's testimony. Appellant has failed to make any such showing.

Moreover, the trial court appropriately resolved the issue. It permitted defense counsel to elicit a response from Murphy that the Commonwealth had charged Issa Battles with her shooting. *See* N.T. Trial, 2/21/17, at 122; *Crawley*, 2018 WL 4233723 at *5. Importantly, Murphy's testimony never implicated Appellant in the shooting and, therefore, a mistrial was not warranted. *See*, *e.g.*, *Commonwealth v. Jones*, 668 A.2d 491, 498 (Pa. 1995) (concluding that mistrial not warranted where witness testimony about unrelated crime did not directly implicate the defendant). Thus, Appellant would be unable to demonstrate a reasonable probability that, had counsel requested it, the trial court would have granted a mistrial based on Murphy's testimony.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2021